IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NewRez LLC d/b/a Shellpoint Mortgage Servicing,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Erik Vogt, Moses Theodore, and United States of America (Small Business Administration);<br><br>　　　　Defendants.<br>_____/ | Case No.: _____<br><br>Action for Debt and Foreclosure of Real Property |

## **COMPLAINT**

　　　　Plaintiff, NewRez LLC d/b/a Shellpoint Mortgage Servicing ("SHELLPOINT") by and through undersigned counsel, for its complaint against Defendants Erik Vogt ("VOGT"), Moses Theodore ("THEODORE"), and United States of America (Small Business Administration) ("SBA") states

　　　　1.　　Jurisdiction is proper over this matter pursuant to 28 U.S.C § 1332, due to the complete diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00; and because this is an action to foreclose a real property mortgage.

　　　　2.　　Venue is proper in this division because the subject Mortgaged Property is located in St. Croix, U.S. Virgin Islands.

　　　　3.　　Plaintiff SHELLPOINT is a limited liability company and its citizenship is determined by its members. *See, e.g.*, *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). All of SHELLPOINT's members are citizens of Delaware. Therefore, SHELLPOINT is a citizen of Delaware for diversity purposes.

　　　　4.　　Defendant VOGT is the sole owner of record of subject Mortgaged Property, and upon information and belief, is a citizen and resident of St. Croix, U.S. Virgin Islands. A copy of the Warranty

Deed is attached as **Exhibit A**.

5.      On August 23, 2013, Defendant VOGT executed a Note in which he promised to pay the Note Holder the principal sum of Two Hundred Thirty-One Thousand Three Hundred Ninety-Two and 00/100 U.S. Dollars ($231,392.00), together with interest at the rate of 4.194% per annum, in equal monthly installments of $1,130.74. A copy of the Note is attached as **Exhibit B**.

6.      The Note provides that it shall become due and payable in its entirety, without notice, by reason of default in the payment or interest or principal when due, as well as any other default thereunder.

7.      Repayment of the loan, including any and all sums that they at any time and for any reason may become due, is secured by a First Priority Mortgage executed on August 23, 2013 by Defendant VOGT in the principal sum of $231,392.00 covering the following real property:

**Plot No. 6 Estate Carlton, West End Quarter
St. Croix, U.S. Virgin Islands
consisting of 1.872 U.S. acres, more or less
as more fully shown on OLG Drawing No. 426 dated August 29, 1955 and revised May 23, 2000**

(the "Mortgaged Property"). The First Priority Mortgage was recorded at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Croix on August 23, 2013, as Document No. 2013003023. A copy of the First Priority Mortgage is attached as **Exhibit C**.

8.      The First Priority Mortgage was modified by a Loan Modification Agreement executed by Defendant VOGT dated February 01, 2019 and recorded with the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Croix on April 11, 2019, as Document No. 2019001186; which modified the principal balance due to $230,927.53; set the interest rate at 5.00% per annum; adjusted the monthly payments of principal and interest due to $1,239.67; and extended the Maturity Date to February 01, 2049. A copy of the Loan Modification Agreement is attached as **Exhibit D**.

9.      The First Priority Mortgage was assigned to Plaintiff SHELLPOINT by the following chain of assignments:

      a.      Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Flagstar Bank, FSB, its successors and assigns, to Caliber Home Loans, Inc., recorded at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Croix on January 19, 2018, as Doc. No. 2018000196.  A copy of the First Assignment is attached as **Exhibit E**.

      b.      Assignment of Mortgage from Caliber Home Loans, Inc. to Plaintiff SHELLPOINT, recorded at the U.S. Virgin Islands Office of the Recorder of Deeds for the District of St. Croix on November 03, 2023, as Doc. No. 2023003163.  A copy of the Second Assignment is attached as **Exhibit F**.

10.      The Note follows the First Priority Mortgage. The First Priority Mortgage provides that the borrower shall pay all payments that are due under the Note. The Plaintiff is the holder of the Note and Mortgage and is entitled to enforce the Note and First Priority Mortgage.

11.      Defendant VOGT has failed to comply with the terms and conditions of the Note and First Priority Mortgage and is in default under those instruments for failing to pay the principal and interest when due on April 1, 2020.

12.      Notice of the default was sent to Defendant VOGT at the property address and at the mailing address at time of default.  A copy of the letter is attached as **Exhibit G**.

13.      To date, the default has not been cured, and Defendant VOGT remains in default under the terms of the Note and First Priority Mortgage for failing to pay the principal and interest when due.

14.      During the pendency of this action and prior to the foreclosure sale of the Mortgaged Property, Plaintiff SHELLPOINT may be required to pay real property taxes, insurance premiums, or other similar charges with respect to the Mortgaged Property, which, pursuant to the First Priority Mortgage, become part of the principal amount of the indebtedness and for which Plaintiff is entitled to recover against Defendant VOGT; as well as its costs and fees, including reasonable attorneys' fees

incurred as a result of protecting Plaintiff's legal rights, which under the provisions of the First Priority Mortgage also become a lien on the Mortgaged Property until paid.

15. Defendant THEODORE is joined pursuant to V.I. CODE ANN. tit. 28, § 532 due to a subordinate Second Priority Mortgage dated May 6, 2016, and recorded against the Mortgaged Property on July 15, 2016, as Document No. 2016002542; and a Marshal's Certificate: Attachment of Real Property, Writ of Execution and Praecipe recorded on January 31, 2020, as Document No. 2020000303. A copy of the THEODORE Liens is attached as **Exhibit H**.

16. Defendant SBA is joined pursuant to V.I. CODE ANN. tit. 28, § 532 due to a subordinate Third Priority Mortgage dated February 7, 2018, and recorded against the Mortgaged Property on March 1, 2018 as Document No. 2018000798. A copy of the Third Priority Mortgage is attached as **Exhibit I**.

**Count I - Action for Debt**

17. Plaintiff re-states and re-alleges the preceding paragraphs and incorporates them by reference as if fully stated herein.

18. Pursuant to the terms and conditions of the Note and First Priority Mortgage, Plaintiff has elected to declare the entire unpaid principal sum with all accrued interest and late charges due and payable, and there is, accordingly, due and owing to Plaintiff SHELLPOINT the total sum of the least **$305,760.41** as of **December 09, 2023** as shown below:

| | |
|---|---|
| Unpaid Principal Balance | $ 227,228.82 |
| Interest | $ 42,854.57 |
| Late Charges | $ 495.80 |
| Escrow Advances | $ 33,561.22 |
| Corporate Advances | $ 1,620.00 |
| **Total Amount Due** | **$ 305,760.41** |

plus further interest and late charges accruing until the date of judgment.

19. Plaintiff is entitled to recover all sums due under the Note from Defendant VOGT.

20. Under the terms of the First Priority Mortgage, Plaintiff is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with respect to the Mortgaged Property.

21. Under the terms of the Note and First Priority Mortgage, Plaintiff is entitled to be reimbursed for its reasonable attorney fees and other expenses incurred by Plaintiff to enforce payment of the Note or incidental to foreclosure of the Mortgaged Property.

22. The amounts due under the terms and conditions of the Note are for a fixed and definite sum, or a sum that by computation can be readily ascertained.

### Count II - Foreclosure of All Liens

23. Plaintiff is the holder of the Note and First Priority Mortgage given by Defendant VOGT.

24. Defendant VOGT is in default under the terms and conditions of the First Priority Mortgage for failing to make the required payments due under the Note, and as a result, Plaintiff is entitled to foreclose its lien encumbering the Mortgaged Property to satisfy its Note.

25. Plaintiff is entitled to foreclosure of its lien and all other liens having a lower priority, specifically including the subordinate liens of Defendant THEODORE and Defendant SBA described herein; the sale of the Mortgaged Property to satisfy the Note; and the recovery of any deficiency remaining after sale from Defendant VOGT in accordance with V.I. CODE ANN. tit. 28, §§ 531 – 538e.

### Count III - Quiet Title

26. Plaintiff re-states and re-alleges all of the previous paragraphs and incorporates them by reference as if fully stated herein.

27. Plaintiff is the Mortgagee/Foreclosing Assignee of the First Priority Mortgage given by Defendant VOGT encumbering the Mortgaged Property detailed above.

28. Defendant VOGT is in default under the terms and conditions of the First Priority Mortgage and as a result, Plaintiff is entitled to foreclose its lien encumbering the Mortgage Property to

satisfy its Note by way of foreclosure sale.

29.     Plaintiff or the purchaser at the foreclosure sale against is entitled to possession of the Mortgage Property at the exclusion of all Defendants, or any parties alleging any right, title or interest in the Mortgaged Property through, under, or against Defendants or on their behalf.

30.     The aforesaid transactions, act, and circumstances allow Plaintiff or the purchaser at the foreclosure sale to have title to the Mortgage Property quieted against any lien or claim of right of any and all Defendants or other third parties, known or unknown, claiming any present or future right, title, estate, or interest in the Mortgaged Property.

31.     Defendants and all persons claiming by, through under or against them, have no estate, right title, lien, or interest in or to the Mortgage Property, or any part thereof, superior to that of the Plaintiff.

32.     Plaintiff is entitled to an Order or Judgment perpetually enjoining Defendants and those parties claiming by, through, under or against the Defendants from asserting any right, title claim, alleged lien, or interest in and to the Mortgaged Property.

WHEREFORE, Plaintiff requests judgment as follows:

a)      declaring that Defendant VOGT has defaulted under the terms of the Note and First Priority Mortgage, thereby entitling Plaintiff SHELLPOINT to exercise all of the remedies provided for those instruments;

b)      adjudging that Defendant VOGT is indebted to Plaintiff in the total amount of at least **$305,760.41** as of **December 09, 2023** as described herein; plus all additional unpaid principal, interest, costs, expenses, and attorney's fees incurred by Plaintiff during the pendency of this matter or otherwise as of the date of judgment, plus interest accruing thereafter at the legal rate until the judgment is satisfied;

c)      recognizing Plaintiff SHELLPOINT's mortgage to be a valid First Priority Mortgage against the Mortgaged Property;

      d)     enforcing and foreclosing Plaintiff SHELLPOINT's lien and all other liens having a lower priority, specifically including the junior/subordinate liens held by Defendant THEODORE and Defendant SBA described herein, and ordering the Mortgaged Property to be sold in satisfaction of the total indebtedness in accordance with the provisions of V.I. CODE ANN. tit. 28, § 531 et seq.;

      e)     awarding a personal judgment against Defendant VOGT for any deficiency remaining if this judgment is not satisfied after such sale;

      f)     granting possession of the Mortgaged Property to Plaintiff SHELLPOINT or the purchaser at the foreclosure sale against the Defendants or anyone holding under them;

      g)     awarding Plaintiff SHELLPOINT the costs and fees incurred by it in protecting its rights in the Mortgaged Property, including but not limited to real property taxes and insurance premiums respecting the Mortgaged Property during the pendency of this action and prior to the foreclosure sale thereof; together with post judgment interest on the judgment amount, costs and reasonable attorneys' fees;

      h)     declaring that Defendant VOGT and all persons claiming from and under them are barred and forever foreclosed of all right, title, lien, claim, and equity of redemption in and to the Mortgaged Property, subject only to the statutory right of redemption except where waived and released; and

      i)     awarding Plaintiff any such other and further relief as the Court deems proper under the circumstances.

    //

    //

    //

    //

    //

    //

Respectfully submitted,

Quintairos, Prieto, Wood & Boyer, P.A.
24b Norre Gade
St. Thomas, VI 00802

*Mailing Address:*
255 Orange Avenue, Suite 900
Orlando, FL 32801
Phone: (855) 287-0240
Fax: (855) 287-0211

/s/ Matthew R. Reinhardt
Matthew R. Reinhardt, Esq.
V.I. Bar Number 1265
Matthew.Reinhardt@qpwblaw.com